UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TIMOTHY RANKINS <u>aka</u> TONY RAKINO | ) ) ) | CASE NO. 1:06 CV 1278 |
| Plaintiff, | ) ) ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) ) | MEMORANDUM OF OPINION AND ORDER |
| NORTHCOAST BEHAVIORAL HEALTH CARE, <u>et al.</u>, | ) ) ) | |
| Defendants. | ) | |

On May 23, 2006, plaintiff <u>pro se</u> Timothy Rankins <u>aka</u> Tony Rakino filed this action under 42 U.S.C. § 1983 against Northcoast Behavioral Health Care ("Northcoast"), the Metro Police Department, the Ohio State Highway Patrol, Northcoast Employees Jane Doe #1, Jane Doe #2, John Doe #1, and John Doe #2, Ohio Highway Patrol Officers John Doe #3 and John Doe #4, and Metro Police Officer John Doe #5. In the complaint, plaintiff asserts that he was assaulted by a fellow patient at Northcoast. He seeks three hundred sixty million dollars in compensatory damages and over one trillion dollars in punitive damages.

### *Background*

Mr. Rankins states he was transported to Northcoast on April 18, 2006 by Cuyahoga

County Sheriff's Deputies on the order of Common Pleas Court Judge Nancy Russo to determine if he was competent to stand trial. He claims he was awakened from sleep the following night to discover his roommate sexually assaulting him. He alleges he struggled with his attacker and managed to break free. While the attacker hid under his bed, Mr. Rankins ran out of his room to solicit the help of Northcoast staff. He contends that Jane Doe#1 asked him "not to do this" because they were watching television and did not wish to be disturbed. He further alleges that Jane Doe #2 stated that he was fabricating the story to get a private room while John Doe #1 told him to go back to sleep now that the assault was over. Mr. Rankins states he demanded that the police be called. He contends that although a Metro police officer was summoned, Jane Doe #1 told him no actions would be taken against the attacker and the two would be placed back in the same room when the officer left. Mr. Rankins was taken to the Metro Health Medical Center by Metro police officer, John Doe #5, where he was examined by physicians and returned to Northcoast. He was released back to the custody of the Metro police officer, John Doe #5. Mr. Rankins alleges he informed the officer about Jane Doe's statement and indicated he feared for his safety at Northcoast.

Mr. Rankin alleges that when he returned to Northcoast, he was physically assaulted by the same patient, who had raped him earlier. He states his roommate began to throw punches at him, and an altercation ensued. He claims they were pulled apart by the head nurse and told "to go and make up." (Compl. at 2.) The patient then "came at" Mr. Rankin a second time and again, a brawl erupted. (Compl. at 2.) This time, a doctor intervened to pull them apart. Mr. Rankins alleges that he told the doctor he was not safe and asked to be moved to a different area. The request was denied. Mr. Rankins claims the patient "ran at [him a third time] and start[ed] fighting." (Compl. at 2.) The two were pulled apart by the doctor who called for more orderlies

to come to the scene. Mr. Rankin contends he was medicated upon the threat of being placed in restraints. He indicates he began to feel drowsy and sat in a chair. For a fourth time, the patient ran over to him to continue the altercation. The patients were separated and Highway patrol officers, John Doe #3 and John Doe #4 were summoned. Mr. Rankins asked the officers to "move him." He was told by the officers that "they couldn't do anything." (Compl. at 3.) He claims the next thing he remembers is waking up in the Cuyahoga County Jail.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim in an in forma pauperis action under 28 U.S.C. §1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Mr. Rankins's claims against the Metro Police Department, the Ohio State Highway Patrol, and John Doe #3, John Doe #4, and John Doe #5 are dismissed pursuant to §1915(e).

As an initial matter, the Ohio State Highway Patrol is immune from suit in this action. A state and its agencies may not be sued in federal court unless the state has consented to such a suit or its immunity has been properly abrogated by Congress. Latham v. Office of Atty.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005). The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. Id.; Bouquett v. Clemmer, 626 F. Supp. 46, 48 (S.D. Ohio 1985). The Ohio Highway Patrol is an arm of the state of Ohio and is entitled to immunity under the Eleventh Amendment.

Moreover, the Ohio Highway Patrol and the Metro Police Department may not be held liable under 42 U.S.C. § 1983 for an injury inflicted solely by their employees under a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981); See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government agency's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. A government body can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the Ohio Highway Patrol or the Metro Police Department which may have resulted in the deprivation of a federally protected right of the plaintiff.

Finally, the claims against John Doe #3, John Doe #4 and John Doe #5 must be dismissed. Mr. Rankins states that Metro Police Officer John Doe #5 transported him to the hospital for treatment after being summoned by Northcoast employees. John Doe #3 and John Doe #4 are Ohio State Highway Patrol Officers. Mr. Rankins contends that they responded to a call from Northcoast to investigate the altercations. He indicates he asked the officers to "move him" and was told the officers "couldn't do anything." (Compl. at 3.) He does not identify a particular cause of

4

action he wishes to assert against these officers based on these facts and none is readily apparent from the face of the pleading.

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

## *Conclusion*

Accordingly, plaintiff's claims against the Metro Police Department, the Ohio State Highway Patrol, John Doe #3, John Doe #4, and John Doe #5 are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

5

could not be taken in good faith.[2] This case shall proceed solely against Northcoast Behavioral Health Care, Jane Doe #1, Jane Doe #2, John Doe #1 and John Doe #2.

Because Mr. Rankins has not provided U.S. Marshal forms or summonses to serve the remaining defendants, the Clerk's Office cannot forward this matter to the U.S. Marshal for service in the event service is deemed appropriate. Accordingly, Mr. Rankins is ordered to provide one completed U.S. Marshal form and two completed summonses for **each** of the remaining defendants within fifteen (15) days of this order. Mr. Rankins is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail sufficient marshal forms and summonses to Mr. Rankins with a copy of this order. If Mr. Rankins fails to provide the completed forms and the Notice of Compliance within the time period specified herein, the claim against these remaining defendants will be dismissed.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: October 5, 2006

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.